U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 3 0 2015

TONY R. MOORE, CLERK
BY_____
                DEPUTY

Form to be used by a prisoner filing a civil rights complaint under
THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

Dan Mitchell #438855
Full Name of Plaintiff, Prisoner Number

5:15-cv-2449 SecP
Civil Action

VS.

Judge

Lonnie Nail, et al
Defendant

Magistrate Judge

COMPLAINT

I.   Previous Lawsuits

A.   Have you begun any other lawsuit while incarcerated or detained in any facility?
     Yes ☑   No ☐

B.   If your answer to the preceding question is yes, provide the following information.

     1.   State the court(s) where each lawsuit was filed (if federal, identify the District; if state court, identify the county or parish).

          U.S. Western District Court

     2.   Name the parties to the previous lawsuit(s):

          Plaintiffs:  Dan Mitchell

          Defendants:  Roderick Kidd, Eddie Duckworth, Mona Heyse, Jim Wilkinson, and S/o Woodard

     3.   Docket number(s): 04-CV-2023, 05-CV-1432, & 05-CV-1606

     4.   Date(s) on which each lawsuit was filed: 8-25-05, 6-24-05, & 2010

     5.   Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?].

          No longer pending, dismissed: 5-25-05, 12-22-05, & 2010

2

has been dismissed?

Yes __✓__    No _____

If your answer to the preceding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

U.S. Western District Court . Frivolity, 04-CVf-2023, 05 -CVf -1482, and 08-CVf-1606

II.  A.  Name of institution and address of current place of confinement:

St.Gaberial, La 70776

Elayn Hunt Correctional Center, P.O. Box 174,

B.  Is there a prison grievance procedure in this institution?

Yes __✓__    No _____

1.  Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes __✓__    No _____

If Yes, what is the Administrative Remedy Procedure number? D.W.C.C-2015-0721

2.  If you did not file an administrative grievance, explain why you have not done so.

_____

_____

3  If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

The plaintiff grievance was denied. He then appealed grievance to La.D.P.S.C., within proper time limitation.

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. Parties to Current Lawsuit:

A.    Name of Plaintiff _Dan Mitchell / Elayn Hunt Correctional Center_

Address _P.O. Box 174, St. Gaberial, La. 70776_

B.    Defendant, _Lonnie Nail_ , is employed as

_Colonel_ at _David Wade Correctional Center_

Defendant, _Pamela Renee Hearn_ , is employed as

_Doctor_ at _David Wade Correctional Center_

Defendant, _Jerry Goodwin_ , is employed as

_Warden_ at _David Wade Correctional Center_

Additional defendants: _Sgt. Rimmer, captain Gray Curter, Dr. Fuller, nurse Martin, Sgt. Wallace_

IV. Statement of Claim

State the FACTS of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.

_See attched 4 pages_

_____

_____

_____

V.  Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

$150,000 in punitive damages and $250,000 in compensatory damages, a total of ($400,000)

_____

VI.  Plaintiff's Declaration

A.  I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

B.  I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this 25th day of September, 2015.

_#438855_____          _Dan Mitchell_____
Prisoner no. (Louisiana Department of          Signature of Plaintiff
Corrections or Federal Bureau of Prisons
or Alien registration number)

5/2006

# IV Statement of Claim

"Culpablely", the defendants and colonel Lonnie Nail know that the plaintiff is suffering long periods of not receiving medical treatment and not receiving a duty status too use a wheelchair, Col. Nail has insufficiently designed a malicious program too shower the plaintiff every other day too deliberately cause him exceeded back complications. Because col. Nail know by observing the cameras that the plaintiff is suffering extreme back difficulties by trying to make it to the shower area. Which is culpable deliberate indifference of colonel Lonnie Nail, warden Jerry Goodwin, nurse Martin, Sgt. Rimmer, captain Gray Carter, Dr. Fuller, warden Angie Huff, warden Arnold, Dr. Pamela Renee Hearn, and Sgt. Flucas having "knowledge of a high risk of bodily harm but disregarded bodily harm of serious medical need", due to the <u>following 5 pages</u>:

The plaintiff has filed has filed "many civil actions" and he has received three civil action dismissals. Due to these "3 strikes provision" the plaintiff is able to proceed with civil Complaint and filing fee, "due to <u>adequately</u> filing under the requirements for <u>imminent danger of serious physical injury</u>".

On 7-28-15, from 2:03 p.m. through 2:09 p.m. Sgt. Rimmer and captain Gray Carter came to N4-C#13 camera cell. Capt. Carter told the plaintiff you have to come out for shower because you did not shower yesterday. Sgt. Rimmer then placed handcuffs on the plaintiff. Sgt. Wallace then used the pandle box to open N4-C#13. Sgt. Rimmer then came inside the N4-C-Cell#13, to place shackles around the plaintiff's ankles. Sgt. Wallace stood in fornt of N4-C-Tier looking down the tier at the plaintiff sliding himself up and down N4-C-Tier. Once the plaintiff got close to N4-C-Shower; capt. Gray Carter then told the plaintiff, now go back into your cell. The plaintiff had too slide himself back down the N4-C-Tier; into N4-C#13, with restraints still on. Sgt. Rimmer then took the restraints off the plaintiff. Capt. Carter then told the plaintiff, nurse Martin said that their is nothing wrong with you. Before 7-28-15 incident, "the plaintiff showed capt. Carter his obvious back spasm and legs deterioration that's obvious even to a lay person who can easily recognize that the plaintiff has serious medical need". But Capt. Carter still chose too "indifferently Ignor the high risk of bodily harm of past or present serious physical injury."

2.

Due to capt. Carter making the plaintiff slide himself up and down N4-C-tier, on 7-28-15, the plaintiff can not move freely in full restraints causing him too suffer serious bodily injuries as a whole: "exceeded neural spinal disorder, unable to move legs for 5 or 10 minutes, exceeded back spasm, life threatening dis to slip exceededly, knee pain, back pain, when the plaintiff lay flat his spinal dis pops back into place, legs deterioration, legs movement dramatically decreasing, and the plaintiff is not able to walk nor stand up without holding on to something for support". Due to the plaintiff suffering "multiple bodily injuries as a whole; that constitutes serious medical need, due to imminent danger of serious physical injury".

"Colonel Lonnie Nail, capt. Gray Carter, Dr. Fuller, nurse Martin, Dr. Pamela Renee Hearn, and warden Jerry Goodwin has observed the plaintiff's severe back spasm and legs deterioration", that's obvious enough for a lay person to recognize that the plaintiff is in great need of serious medical need but still they indifferently disregarded the high risk of serious bodily harm.

Warden Angie Huff, and warden Arnold is over Colonel Lonnie Nail, Sgt. Rimmer, col. Nail, Sgt. Lucas, Sgt. Wallance, and captain Gray Carter who are prison security officers. Warden Huff and warden Arnold has knowledge of the plaintiff's severe back complications but still disregard serious risk of physical harm.

3.

Warden Arnold is the warden over security. Therefore on 7-28-15, the shower has been use by D.W.C.C security personnels too "culpablely, indifferently, and maliciously cause the plaintiff serious physical injury."

Dr. Fuller and Dr. Pamela Renee Hearn has observed that: the plaintiff can not stand nor walk without holding on to something for support, which is a clear sign of neural spinal disorder. Dr. Hearn and Dr. Fuller has observed the plaintiff's obvious back spasm and legs deterioration, but still falsified the plaintiff's medical record by omitting the plaintiff obvious back spasm and legs deterioration. Dr. Hearn and Dr. Fuller are not chiropractics, and will not refer the plaintiff to be examine by a chiropractic; nor receive an M.R.I scan at a hospital in society, because an M.R.I will detect the plaintiff body complications as a whole. Dr. Fuller and Dr. Hearn will not issue the plaintiff a duty status to use a wheelchair, because without the use of a wheelchair the plaintiff has suffered exceeded back damages."Culpablely, Dr Hearn and Dr. Fuller has acted with pure deliberate indifference of malicious behavior too cause the plaintiff severe bodily harm; by denying him medical treatment, which constitutes serious medical need that is more then mere negligence".

4

Culpablely and indifferently, on 7-28-15. At D.W.C.C., Sgt. Flucas observed N4-Key-Room Camera when captain Gray Carter and Sgt. Rimmer came to N4-C#13, Sgt. Rimmer placing handcuffs and shackles on the plaintiff. Sgt. Flucas also observed Capt. Carter making the plaintiff slide himself up N4-C-Tier and then he had too slide himself back into N4-C-Tier-Cell#13. Deliberate indifferently Sgt. Flucas know that the plaintiff has back problems but still disregarded serious bodily harm.

5